A. V. COLE ET AL., PLAINTIFFS IN ERROR, V. WILLIAM
KERR, DEFENDANT IN ERROR.

Chattel Mortgage: DESCRIPTION OF PROPERTY: FUTURE PRO-
DUCTS. A chattel mortgage executed, delivered, and properly
recorded, March 30, 1882, and purporting to convey "one sorrel
mule seven years old, one brown mule six years old, * *
forty acres of wheat, thirty acres of oats, now growing, seventy-
five acres of corn, to be planted, fifty acres of broom-corn, to be
planted, tended, and delivered in Juniata. The above described
chattels are now in my possession, on section 1, town 7, range
11 W., Adams county, Nebraska, and are owned by me, and
free from all incumbrance in all respects;" *Held,* To convey no
title to or lien upon the crop or field of corn raised by the mort-
gagor on the section of land above described, and levied upon as
the property of said mortgagor Nov. 25, 1882, as against a judg-
ment creditor of said mortgagor.

ERROR to the district court for Adams county.   Tried below before MORRIS, J.

*Dilworth, Smith & Dilworth,* for plaintiffs in error.

*Ragan, McDonald & Shallenberger,* for defendant in error.

COBB, J.

It appears from the bill of exceptions that plaintiff in error Cole obtained a judgment in a justice's court against one John Hildebrand, upon which he caused an execution to issue, and placed it in the hands of plaintiff in error Moreland, who was a constable of the county, and who levied the same upon a quantity of corn raised by said Hildebrand on section 1, in township 7 north, of range 11 west, in the year 1882.   That thereupon the defendant in error William Kerr brought an action in the county court of Adams county against Cole and Moreland for the value of said corn, claiming the same by and under a chattel mortgage executed by said John Hildebrand to him, a copy of which is set out in the bill of particulars.

The said Cole and Moreland appeared in said action and answered thereto, and by their said answer put in issue all of the facts necessary to be considered in the disposition of the case.   A trial was had in said county court, with a judgment for the plaintiff.   The defendants appealed to the district court, and by stipulation went to trial in that court on the same issue as in the county court.

The cause was tried to the court, a jury being waived, which found for the plaintiff in the sum of fifty-eight dollars and sixty cents.

The cause is brought to this court on error by the defendants, and the sole question presented is, did the plaintiff, by virtue of the execution and delivery to him of the

chattel mortgage by Hildebrand and its filing in accordance with the statute, obtain a lien on the corn taken in execution by the defendants which he can enforce against them?

I copy from the mortgage as attached to the bill of particulars the whole description of the property mortgaged. " The following goods, chattels, and property, to-wit: One sorrel mule, 7 years old; one brown mule, 6 years old; one gray horse, 8 years old; three cows with their calves; one white, 7 years old; one red cow, 9 years old; one black and white cow, 3 years old; 25 shoats, average weight 65 pounds; two sets double harness, two lumber wagons, one-half interest in Lewis header, three plows, two harrows, two cultivators, one combined reaper and mower, one grain drill, one seeder, one sulky rake, 40 acres of wheat, 30 acres of oats, now growing, 75 acres of corn, to be planted, 50 acres of broom-corn, to be planted, tended, and delivered in Juniata. The above-described chattels are now in my possession on section 1, township 7, range 11 w., Adams county, Nebraska, and are owned by me and free from incumbrance in all respects." This mortgage bears date the 30th day of March, so that even did it not speak of the 75 acres of corn as yet to be planted, the court would take notice that in this climate Indian corn, the species of grain evidently intended, could not have been successfully planted at the time of the execution of the mortgage.

There is, to say the least of it, great confusion of the authorities on the point being considered, but after a careful examination of those cited on either side in this case I have reached the conclusion that as a question of law the lien of a chattel mortgage of a crop of corn not planted at the time of its execution and delivery will not attach to the corn when it comes into existence until it is seized by the mortgagee, or until, in the language of a member of the court in the case of *Holroyd v. Marshall*, 10 H. of L. Cases, 191, "a new intervening act." Until then it

remains a mere license, and until acted upon it conveys neither a lien nor a right of property which the mortgagee can assert against a purchaser or execution creditor of the mortgagor.

Presumptious as it may seem to say so, I cannot agree to the proposition stated by Lord Hobart in the case cited by counsel for defendant in error, that the owner of the land, though he had not the future crop " actually in view, nor certain, yet he had it potentially." While it is true, as he adds, that " the land is the mother and root of all fruits," the word potentially, as defined by Craig, means " in possibility, not in act, not positively; in efficacy, not in actuality." With this definition in view it cannot be said that the mere ownership or possession of the soil carries with it the production of crops potentially. Soil alone does not produce crops of corn in this degenerate age, if it ever did. It now requires in addition to soil, seed and labor, both of man and beast. So that the proposition that a sale or mortgage of a crop of corn not yet planted carries with it a property in or lien upon such crop, to attach and come into efficacy without "a new intervening act," upon the crops coming into existence, carries with it the proposition that a man may mortgage his labor to be performed—something which I never heard contended for in this country, but which is a right which, under the name of peonage, is recognized in our sister republic to the south of us.

The true distinction, I think, is that indicated in 1 Sheppard's Touchstone, 241, in the enumeration of things which pass by grant, to-wit: "Leases for years, be they present or future, wardships of tenants *in capita*, or by knight's service, trees, oxen, horses, plate, household stuff, and the like. Also trees, grass, and corn growing and standing upon the ground, fruit upon the trees, wool upon the sheep's back is grantable." Doubtless the fruit on the trees, the grass in the meadow, and wool on the sheep's

back may be granted without regard to the state of their growth or perfection, because in the due course of time nature without the necessary assistance of new forces will in the one case develop fruit, etc. But, as we have already seen, the mere soil, except with the assistance of other elements and forces, in the latitude of Nebraska will not develop crops of corn. 2. Again, even were the position taken by counsel for defendant in error correct as a question of law, the mortgage under consideration would be void for the want of such description of the corn as would make the record notice to a creditor. By reference to the language of the mortgage it will be seen that the chattels therein described, the mules, cows, wagons, etc., are, with other matters of description, described as being then in the possession of the mortgagor, on section 1, town 7, range 11 west, Adams county, Nebraska. But surely this description can in no sense apply to the corn. The only words of qualification or description which can be held to apply to the 75 acres of corn are that it is to be planted. The 40 acres of wheat and 30 acres of oats are described as being " now growing," and the 50 acres of broom-corn as " to be planted, tended, and delivered in Juniata." The words " to be planted," when used in the month of March, 1882, would apply equally to all crops of corn which might thereafter be found in Adams county. Being planted is a condition through which all fields of corn in existence may be presumed to have passed. So that the record of the mortgage conveyed no notice of the lien or claim of lien of the mortgagee to or upon the corn levied upon by the plaintiff in error.

The judgment of the district court is therefore reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.

The other judges concur.