M. C. STEELE, RECEIVER, v. J. W. ASHENFELTER,
CONSTABLE.

FILED JUNE 5, 1894. No. 6884.

A mortgage of chattels to be thereafter acquired is invalid as
against purchasers and attaching creditors of the mortgagor.

ERROR from the district court of Gage county. Tried
below before BUSH, J.

*J. E. Cobbey*, for plaintiff in error, cited: *Mitchell v.
Winslow*, 2 Story [U. S. C. C.], 630; *Langton v. Horton*,
1 Hare [Eug. Ch.], 549; *Seymour v. Canandaigua & N.
F. R. Co.*, 25 Barb. [N. Y.], 284; *Holly v. Brown*, 14
Conn., 255; 2 Cook, Stock & Stockholders [3d ed.], sec.
857; *Pierce v. Emery*, 32 N. H. 484; *Coe v. McBrown*, 22
Ind., 252; *Raymond v. Clark*, 46 Conn., 129; *Buck v.
Seymour*, 46 Conn., 156; *Phillips v. Winslow*, 18 B. Mon.
[Ky.], 431.

*A. J. Hale*, *contra*, cited: Herman, Chattel Mortgages,
sec. 46, and cases cited; *Pennock v. Coe*, 23 How. [U. S.],
117.

POST, J.

This was an action of replevin in the district court of Gage county. A trial was had before a court without a jury, which resulted in a finding and judgment for the defendant, whereupon the cause was removed to this court by petition in error. The material facts are as follows:

The Beatrice Rapid Transit & Power Company on the 28th day of February, 1891, executed a mortgage upon all of its corporate property and all property to be thereafter acquired by it. On the 8th day of September, 1893, one Hale recovered judgment against said company in the county court of Gage county for $46.21. On the same day an execution was issued thereon and placed in the hands of the defendant as constable for service. The defendant, in order to satisfy said execution, levied upon certain property owned by the aforesaid corporation, purchased by it subsequent to the execution of the mortgage, but which was intended for use in the extension of its lines and business. Some time subsequent to the last mentioned date the plaintiff was appointed receiver for said company on the suggestion of the holders of the mortgage bonds, and brought this action to recover the property above mentioned, which was still held by the defendant by virtue of the aforesaid execution.

It will be seen from this statement that the question presented is, whether, as against Hale, the execution plaintiff, the mortgage includes the after-acquired property of the mortgagor. The question thus presented is one upon which the authorities are by no means harmonious. The doctrine of *Holroyd v. Marshall*, 10 H. L. Cases [Eng.], 191, has been recognized by many of the courts in this country. In those jurisdictions the rule is that while at law a mortgage of after-acquired property confers no rights as against purchasers and attaching creditors, in equity it is effectual to charge the property, when acquired by the mortgagor, with

an equitable lien, which will prevail not only as against the latter, but also as against attaching creditors. The distinction above noted between the rule at law and in equity can of course have no place under our practice where the two remedial systems are blended into one. Therefore, if the corporation, for which the plaintiff stands, by its mortgage acquired a lien which is enforceable in equity as against the execution plaintiff, such lien is available to him in this action. If the question was an open one in this state, the cases which recognize the rule in *Holroyd v. Marshall* would be entitled to great consideration, but we regard it as settled by the case of *Cole v. Kerr*, 19 Neb., 553, in which it is distinctly held that a mortgage of a crop to be planted conveyed no lien upon crops subsequently raised by the mortgagor as against judgment creditors of the latter.

2. Plaintiff in error has referred us to the statute authorizing railroad and street car companies to mortgage their property, but we find therein no ground for his contention. By the first named provision (Cobbey's Statutes, sec. 612) railroad companies are authorized to convey by mortgage or trust deed all property owned by them at the time of the execution thereof, and all property, personal and real, which they may thereafter acquire. This authority is found in the Revised Statutes of 1866, page 231, under the title "Corporations." The other provision to which reference is made is found in section 632, Cobbey's Statutes, and authorizes the mortgaging by a street car company of "property, in whole or in part, including its real and personal property and franchises." This provision is contained in section 6 of the act of 1889, entitled "Street Railway Consolidation," and is merely declaratory of the common law. The purpose of the section is apparent from the subsequent provisions containing limitations with respect to the rate of interest and denomination of bonds. We can find in the statutes cited no support for

plaintiff's claim.   The judgment of the district court is
accordingly

AFFIRMED.