SMITH *v.* McCOY-KESSINGER LUMBER COMPANY.

Opinion delivered May 26, 1913.

1. CHATTEL MORTGAGE—PROPERTY TO BE MANUFACTURED IN THE FUTURE.
—A chattel mortgage on lumber to be manufactured in the future
is a valid mortgage. (Page 163.)

2. CHATTEL MORTGAGE—DESCRIPTION OF PROPERTY—INVALIDITY.—In a
chattel mortgage on lumber when the lumber is described as 50,000
feet "of the last sawing," the description is ambulatory and the
mortgage void. (Page 164.)

Appeal from Sebastian Circuit Court, Fort Smith
District; *Daniel Hon,* Judge; affirmed.

*E. L. Matlock,* for appellant.

The mortgage description is good. "A description
which will enable third persons, aided by inquiries which
the instrument itself suggests, to identify the property,
is sufficient." Jones on Chattel Mortgages, § 54; 39
Ark. 394.

The words "of the last sawing," used in describing
the lumber, was no more than an ambiguity which could
be explained by parol testimony. 28 Ark. 282.

*J. E. London* and *C. A. Starbird,* for appellee.

A description in a chattel mortgage which furnishes
no mode of separation of the property sought to be con-
veyed is void for uncertainty. 41 Ark. 70; 4 Ark. 495;
43 Ark. 850; 35 Ark. 169.

SMITH, J. The Dyer Trading Company brought
suit by attachment against the McCoy-Kessinger Lumber
Company, in the circuit court of Sebastian County for
the Fort Smith District. On that day, and thereafter, a
number of suits were filed in the justice courts against
the lumber company, which suits were removed to the
circuit court and consolidated with the case of the trad-
ing company, and tried as one case.

Appellant, J. W. Smith, filed an interplea in the
circuit court, claiming the lumber attached under a chat-
tel mortgage given to him by the McCoy-Kessinger Lum-
ber Company, prior to the commencement of any of the
suits. Judgment was rendered against appellant, dis-

missing his interplea, and he brings this appeal.  The property mortgaged to Smith was described as follows:

"Fifty thousand feet of cottonwood lumber of the last sawing to include the following grades:  First and second narrows; first and second wide; narrow box, No. 1 common, and No. 2 common.  To be kept on the Frank Wright farm at the site of the sawmill on Arbuckle Island in Sebastian County, Arkansas."

This mortgage was dated the 6th day of July, 1912, and was executed to secure a note of that date for $500, and the attachments were levied upon the mill on July 27, 1912.  The trial below was before the court, sitting as a jury, and about twenty consolidated cases were tried as one, and while the court made no special finding of fact, it did find against appellant's interplea and dismissed it, and this appeal is prosecuted from that judgment.

Some questions of pleading are raised, which need not be considered under the view we have of this mortgage.  The proof shows that there was lumber upon the yards on the day the mortgage was given, and that the mortgagors continued to operate the mill from that date until it was closed down by the attachment, during all of which time the lumber was shipped away as it became dry enough to ship.  There were on the yard on July 22, about 99,000 feet of lumber and between 50,000 and 60,000 on the day of the attachment.  Appellant says this is not the case of a mortgagor, left in possession of merchandise, which he had mortgaged and was selling in the regular course of business, but the contention is that the mortgage conveyed only a particular 50,000 feet and that to be of the last sawing, and that this was such a description as would enable third persons, aided by inquiries, which the instrument itself suggests, to identify the property.  If this was true, the description would have been sufficient and the mortgage valid.  *Gurley* v. *Davis,* 39 Ark. 394; *Johnson* v. *Grissard,* 51 Ark. 410.

But this was not such a description.  The fact that the lumber had not been sawed when the mortgage was

executed is not controlling. For in the case of *Morton* v. *Williamson,* 72 Ark: 390, a mortgage was held valid where the property conveyed was described as follows: "All the lumber and logs now on the ground, and all that may be put on the grounds and sawed by us, until final settlement of our account with Williamson Bros." And the court there said: "The lumber though not in existence, when the mortgage was executed, was clearly in contemplation of the parties to the mortgage. *Wright* v. *Bircher,* 72 Mo. 188. There is no reason for any distinction between a mortgage of future crops to be grown by the mortgagor, and a mortgage of lumber to be manufactured in the future." This was said notwithstanding the fact that a special statute gives validity to mortgages on future crops. Kirby's Digest, § 5405.

But this mortgage was unlike the one in that case. There the mortgage covered all the lumber sawed up to a certain time; here the mortgage was "of the last sawing." On the 22d of July, there were 99,000 feet of lumber on the yard, which would otherwise fill the description of this lumber mortgaged, had the mill suspended operation that day, yet none of it would have been conveyed had as much as 50,000 feet been sawed thereafter before the mill was closed down by the attachments, as may indeed have been the case.

Such mortgages are void because the description is ambulatory and the judgment of the circuit court is accordingly affirmed. *Gauss Sons et al.* v. *Doyle & Co.,* 46 Ark. 122; *Dodds* v. *Neil,* 41 Ark. 70; *Krone & Co.* v. *Phelps,* 43 Ark. 350; *Person* v. *Wright & Montgomery,* 35 Ark. 169.