# Sandy Valley & Elkhorn Railway Company v. Hughes, et al.

(Decided November 2, 1916.)

## Appeal from Pike Circuit Court.

1.  Exceptions, Bill of—Time of Presentation—Consent of Parties.— Where plaintiffs' counsel is present when the court enters an order giving defendant until the fifteenth day of a special term of the court to file his bill of exceptions, and enters no objection thereto, he will be held to have acquiesced therein and cannot thereafter withdraw his consent and have the bill of exceptions stricken from the record, on the ground that the case was not included in the order calling the special term.

2.  Contracts—Simultaneous Agreements—Instruction.—A deed and contract, forming a part of the same transaction and executed at the same time, will be construed together and each given some effect, if possible. Hence, a deed conveying a right of way to a railroad company and containing a provision releasing it from all damages that the grantors had sustained, or might thereafter sustain, by reason of the construction, building or use of said railway, is no bar to a recovery of damages under a written contract executed at the same time, whereby the railroad, in consideration of the right to take earth and stone from the grantor's premises for the purpose of fills, agrees to reduce the land from which the earth and stone were removed to a level with the railroad grade and in condition for building purposes.

3.  Contracts—Instructions.—Where a written contract contains the only authority for a railroad's taking earth and stone from an owner's land for the purpose of fills, and the place from which the removal is made is covered by the contract, it will be conclusively presumed that the stone and earth were removed under the contract, and it is not error to refuse to submit this question to the jury.

4.  Damages—Contract—Measure of Damages—Instruction.—In an action for damages for breach of a contract, by which defendant, in consideration of the right to remove earth and stone from plaintiff's land for purposes of fills, agrees to reduce the land to the level with the railroad grade and in condition for building purposes, an instruction authorizing a finding for plaintiffs of "what would be the value of the piece of land in controversy if the defendant had removed all the earth and stone from the land it did remove earth and stone from, down level with its railroad grade," is erroneous and prejudicial to the defendant.

5.  Contracts—Damages—Measure of Damages—Instruction.—For a breach of a contract, by which a railroad company, in consideration of the right to take stone and earth from an owner's land, agrees to reduce the land to a level with the railroad grade and in condition for building purposes, the measure of damages is what it

would have cost to complete the contract and such further sum as will compensate the injured party for the inconvenience arising out of its non-performance up to the time of the trial; and a failure so to instruct the jury is prejudicial to the plaintiff.

6. Contracts—Damages—Consequential Damages.—In the absence of evidence showing that defendant's attention was called to the fact that the earth and stone were to be removed for purposes of an outlet, damages for being deprived of such outlet are not recoverable for a breach of a contract, whereby the defendant, in consideration of the right to take earth and stone from plaintiff's land for purposes of fills, agrees to reduce the land to a level with the railroad grade and in condition for building purposes, since such damages are not such as may reasonably be considered as arising naturally from the breach of the contract itself, or such as may be supposed to have entered into the contemplation of the parties when the contract was executed.

HAGER & STEWART and AUXIER, HARMAN & FRANCIS for appellant.

ROSCOE VANOVER, E. J. PICKLESIMER and J. S. CLINE for appellees.

· OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing both on original and cross-appeals.

On February 16th, 1911, James Hughes and wife, in consideration of $1,000.00 in hand paid, conveyed to the Sandy Valley & Elkhorn Railway Company a strip of land 100 feet wide through their farm in Pike county. Among other provisions of the deed is the following:

" . . . . for the consideration aforesaid do hereby release and discharge the grantee, its successors and assigns, of all liability to fence said strip of land, and all claims for damages to said premises and any adjoining property of the grantors, accruing, accrued, or that may at any time accrue from the construction and operation of the railroad of said grantee, its successors and assigns."

At the same time the deed was executed the parties entered into a written contract containing the following stipulation:

"That in consideration of one dollar hereby agree to let the said railway company have all the earth and stone that may be necessary for fills on said railroad, same to be taken on the left of the right of way in the Rocky Gap so as not to interfere with the shop building.

The land from which said earth and stone is removed to be left level with railroad grade and in condition for building purposes.''

Thereafter the railroad company, through its contractors, entered upon the land of Hughes and wife and removed a large quantity of stone, earth, etc., therefrom, and used same for the purpose of ballasting its track at places other than those on the strip of land conveyed by the foregoing deed. The land from which the stone and earth were removed was left on a uniform grade of about 28 feet above the level of the railroad grade.

This suit was brought by plaintiffs, James Hughes and wife, against the railroad company to recover damages for the company's failure to reduce the grade of the land to the level of the railroad grade and further damages for being deprived of a passway from their residence. The defense of the company was that the only land from which the stone was removed pursuant to the above contract was, as a matter of fact, brought to the level of the railroad grade, and that the stone and earth which were removed from the land for which plaintiff seeks damages were not removed under the above contract, but were removed several months later under and by virtue of a new agreement with plaintiffs. A trial before a jury resulted in a verdict and judgment for plaintiffs in the sum of $10,000.00. From this judgment the railroad company appeals and plaintiffs prosecute a cross-appeal.

A motion has been made by plaintiffs to strike the bill of exceptions from the record. The basis of this motion is that the bill of exceptions was approved at a special term of the court and that this cause was not included in the order calling the special term. The case was tried at the September term, 1915, as properly extended. Both plaintiffs' and defendant's motions for a new trial were overruled during the extended term. Prior thereto a special term of the court, beginning November 8th, 1915, had been called. When defendant's motion for a new trial was overruled the court entered an order giving the defendant until and including the fifteenth day of the November special term to prepare, present and file its bill of exceptions, and directed that the case be placed on the docket of cases for said special term for said purpose. This order was filed without objection or exception. The bill of exceptions was ten-

dered on the fifteenth day of the November special term and was approved by the court on the eighteenth day of that term. To this order the plaintiffs objected and excepted.

The facts of this case are not unlike those of the case of Hill's Admr. v. Penn. Mutual Life Ins. Co., 120 Ky. 190. There the court gave the plaintiff until the tenth day of the November term of the court to present his bill of exceptions. The Code provides that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term. Civil Code, section 334. The November term was not the succeeding term. Another term, known as the September term, had intervened. When the order extending the time for filing the bill of exceptions to the tenth day of the November term was made, defendant's counsel was in court and no objection thereto was made. It was held that the failure of defendant's attorney to object to the extension of the time was in effect a consent to the extension, and the motion to strike the bill of exceptions was overruled. Here the court fixed not later than the fifteenth day of the November special term as the time for filing the bill of exceptions. If not filed within that time and at that term, it could not be filed at all. Plaintiff's attorneys were present and did not object to the order. Had objection been made, doubtless the court would have seen its error and provided for the filing of the bill of exceptions at some day the next succeeding term. Having failed to object when the order was entered, counsel will be held to have assented to the order. An attorney will not be permitted to remain silent when he knows that the opposing party is proceeding on the assumption that he is consenting to what is being done and afterwards withdraw his consent, and thus leave the party so misled without remedy.

The motion to strike the bill of exceptions is overruled.

Clearly the provision of the deed, by which the railroad company was released from all damages that the grantors had sustained, or might thereafter sustain, by reason of the construction, building or use of said railway, in no way affected plaintiffs' right to recover under the contract. The deed and contract were a part of the same transaction and were executed at the same time. They must be construed together and each given some

effect, if possible. This cannot be done if they each relate to the same subject matter. In our opinion, the deed embraces only such incidental damages as grow out of the construction, building or use of said railway through the farm of plaintiffs. By the written contract the railroad intended to secure and did secure the right to take stone from plaintiffs' land to be used as ballast, not only along its right of way through plaintiffs' land, but at other places. It follows that the trial court did not err in refusing to hold that the deed was a bar to a recovery of damages under the contract.

It is next insisted that the trial court should have submitted to the jury the question whether or not the earth and stone were removed under the contract. Since the place from which they were removed is covered by the contract and the defendant had no other authority for removing the earth and stone, it will be conclusively presumed that they were removed under the contract.

During the trial of the case the defendant took the position that the measure of damages was the difference between the market value of the land in its present condition and its market value if the land had been taken down level with the railroad grade and left in condition for building purposes. On the other hand, the plaintiffs took the position that they were entitled to recover the reasonable cost of doing the work required by the contract, together with damages for being deprived of the use of the passway to and from their residence. In instructing the jury the trial court attempted to embody defendant's view as to the measure of damages. The instruction is as follows: "The court instructs the jury that they will find for the plaintiffs what would be the value of the piece of land in controversy if the defendant had removed all the earth and stone from the land it did remove earth and stone from, down level with its railroad grade, taking into consideration its use for building purposes and all the surrounding circumstances, shown in evidence, so that the amount so found does not exceed $15,000.00; and if the jury believe from the evidence that if the earth and stone had been removed down level with its railroad grade, it would have given plaintiffs a reasonable passway out to the public road, then the jury may include in their verdict this fact as an element of damage, both for past and future time; so that the whole amount found does not exceed $15,000.00; unless the jury

should believe and find as in Instruction No. 2." It will be observed that under this instruction the jury was authorized to find for plaintiffs "what would be the value of the piece of land in controversy if the defendant had removed all the earth and stone from the land it did remove earth and stone from, down level with its railroad grade." In other words, the plaintiffs, who still own the particular tract from which the stone and earth were removed, were permitted to recover what would be the whole value of the land if the defendant had removed the earth and stone therefrom down to the level of the railroad grade. Whatever may be the correct measure of damages, it is clear that the foregoing instruction is erroneous and prejudicial, and furnishes ground for reversal on the original appeal.

We are of the opinion, however, that the measure of damages attempted to be given by the trial court and insisted upon by the defendant, is not applicable to the facts of this case. Strictly speaking, this is not an action *ex delicto*. It is not a suit for damages growing out of an unauthorized trespass. It is a suit for damages resulting from defendant's failure to comply with its contract. The purpose of damages is to place the party wronged as nearly as possible in the same situation he would have been in if the contract had been performed. In a case like this it is what it will cost to complete the contract, and such further sum as will compensate the injured party for the inconvenience arising out of its non-performance up to the time of the trial. Cincinnati Southern Railroad Co. v. Hudson, 88 Ky. 480; Wilson v. Illinois Central Railway Company, 29 R. 172; Big Sandy Railway Co. v. Rice's Admr., 146 Ky. 619; Carli v. Seymour, Sabin & Co., 26 Minn. 276, 3 N. W. 348. In view of the foregoing, we also conclude that the measure of damages given by the trial court was erroneous and prejudicial to the plaintiffs and affords ground for reversal on the cross-appeal.

The instruction on the measure of damages is also erroneous and prejudicial to the defendant, in that it authorizes a finding of damages if plaintiffs, by defendant's failure to comply with its contract, were deprived of a passway over the land from which the earth and stone were to be removed. In the case of Cincinnati Southern Railroad Company v. Hudson, *supra*, the engagement on the part of the defendant was to construct

plaintiff a good crossing.  It was held that the measure of damages for failure to comply with the contract was what it would reasonably cost to construct a good crossing, and such further damages as may have directly resulted to plaintiff up to the time of the trial from the inconvenience of not having the crossing.  In that case, however, the construction of the crossing was the main purpose of the contract, and damages resulting to the plaintiff from the inconvenience of not having the crossing were clearly within the contemplation of the parties. The sole engagement of the defendant in the case under consideration was to remove the earth and stone to a level with the railroad grade and in condition for building purposes.  Had it been alleged that plaintiffs were deprived of an opportunity to build, damages on this account might have been awarded, because such damages would have been within the contemplation of the parties. But plaintiffs are not seeking damages on this account. The only inconvenience they complain of is the fact that they were deprived of an outlet.  The contract does not provide for the removal of the earth and stone for purposes of an outlet, nor is there any evidence to the effect that the attention of the defendant was brought to the fact that plaintiffs wanted the earth and stone removed for such purpose.  We, therefore, conclude that damages growing out of the inconvenience of not having an outlet over the land from which the earth and stone were to be removed, were not such as may reasonably be considered as arising naturally from the breach of the contract itself, or such as may reasonably be supposed to have entered into the contemplation of the parties when they made the contract.  Hadley v. Baxendale, 9 Exch. 341, 23 L. J. Exch. 179, 18 Jur. 358, 5 Eng. Rul. Cas. 502.

One of the defenses interposed by the defendant was that after it entered upon plaintiffs' land the contract sued on was rescinded, and in lieu thereof it agreed to construct an overhead bridge for plaintiffs.  There was some evidence tending to support this contention.

On another trial the court will instruct the jury as follows:

1. You will find for plaintiffs, unless you believe as Instruction No. 3.

2. If you find for plaintiffs, you will award them such sum in damages as you may believe from the evidence it will reasonably cost to reduce the land from which the

earth and stone were taken to a level with the railroad grade and in condition for building purposes, not exceeding, however, the sum of $15,000.00.

3. If you believe from the evidence that the contract, by which defendant agreed to reduce the land from which the earth and stone were taken to a level with the railroad grade and in condition for building purposes, was subsequently rescinded by the parties, and that in lieu thereof it was agreed that defendant should construct plaintiffs an overhead bridge, you will find for the defendant.

Judgment reversed on both the original and cross-appeals, and cause remanded for a new trial consistent with this opinion.