(January 10, 1918.)

DOVER LUMBER CO., a Corporation, Respondent, v. WM. B. CASE and ROSE H. CASE, His Wife, J. B. CAMPBELL, NORMAN ARTHURS and JOHN B. WHITCOMB, Appellants.

[170 Pac. 108.]

PLEADING—COMPLAINT AIDED BY BILL OF PARTICULARS—JUDGMENT— DAMAGES — CONTRACTS FOR LOGGING — EQUITY — RIGHT TO JURY TRIAL — COUNTERCLAIM — APPEAL AND ERROR — INVITED ERROR— CHATTEL MORTGAGES—AFTER-ACQUIRED PROPERTY—DEBT SECURED.

1. A defect in a complaint, by reason of which it is indefinite and uncertain, may be cured by a bill of particulars.

2. Under the provisions of sec. 4353, Rev. Codes, when an answer is filed, the court may grant any relief consistent with the case made by the complaint and embraced within the issues. The plain intention of that section is that, when the parties are once in court, all conflicting claims arising out of the subject matter involved in the issues shall be settled.

3. Where a contractor, after partial performance of a contract to cut timber and deliver logs, breaches the contract and refuses to finish the work, the measure of damage arising from such breach is the difference between the unpaid contract price and what it will reasonably cost to finish the work.

4. In an action to foreclose a mortgage, personal judgment for the amount due upon the claim secured by it may be rendered without the intervention of a jury.

5. A defendant who pleads a counterclaim in an equitable action is not entitled, as a matter of right, to a jury trial of the issues arising thereon.

6. Where appellant has invited an error, alleged by him upon appeal to have been committed by the trial court, judgment will not be reversed therefor.

7. A mortgage, given upon chattels to be afterward acquired, is valid and binding upon the parties thereto and all others having notice of it. Such notice may be given to creditors of the mortgagor and subsequent purchasers and encumbrancers of the property by conforming to sec. 3408, Rev. Codes.

8. A debt for which a mortgage is given may consist in the faithful performance of a duty or obligation, resting upon the mortgagor, if it is capable of being reduced to a money value.

[As to exceptions to the rule that a court of equity on assuming jurisdiction for one purpose will retain it for all purposes, see note in 116 Am. St. 877.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action to foreclose mortgages. Judgment for plaintiff. *Modified.*

E. W. Wheelan and Allen P. Asher, for Appellants.

The court erred in finding that the plaintiff was damaged in the sum of $8,000, and holding that said sum was secured by the mortgage, because the contract itself provides the procedure to be followed by the plaintiff in case the defendant Case should not prosecute the work diligently, or fail in any manner to perform the contract. (Sutherland on Damages, 3d ed., sec. 699; *Dow v. Humbert,* 91 U. S. 294, 23 L. ed. 370; *Hunt v. Oregon Pac. R. Co.,* 36 Fed. 481, 1 L. R. A. 842, 13 Saw. 516.)

"Where the work is done under a contract fixing the price to be paid therefor, the contract price will generally be taken to furnish the measure of damages, though the contract has been only partially performed and the party sues on a *quantum meruit.*" (Elliott on Contracts, sec. 2150; *American Surety Co. v. Woods,* 105 Fed. 741, 45 C. C. A. 282; Id., 106

Fed. 263, 45 C. C. A. 282; *Robinson v. Chinese Charitable & Benev. Assn.*, 35 App. Div. 439, 54 N. Y. Supp. 858; *McGrath v. Horgan*, 72 App. Div. 152, 76 N. Y. Supp. 412.)

The action was brought only for the foreclosure of the mortgages. (*Rein v. Callaway*, 7 Ida. 634, 65 Pac. 63.)

The mortgagor should not obtain a personal judgment on indebtedness secured by a mortgage, in addition to the right to a foreclosure and a deficiency judgment after foreclosure. (*Dudley v. Congregation of Third Order of St. Francis*, 138 N. Y. 451, 34 N. E. 281.)

The matter was understood by the trial court as being a question of damages for breach of contract, and under sec. 7 of art. 1 of the constitution, the defendants were entitled to a jury trial on these issues. (*Robinson v. Moore*, 10 Ida. 115, 77 Pac. 218; *Lindstrom v. Hope Lbr. Co.*, 12 Ida. 714, 88 Pac. 92.)

A description, in order to be sufficient to hold after-acquired property under a mortgage, must be definite and clearly point out the nature and kind of after-acquired property. A mortgage on after-acquired property does not give the mortgage priority in this state as to such after-acquired property as against subsequent purchases or encumbrances in good faith, unless the mortgagee shall have taken said after-acquired property into possession prior to the attaching of the rights of the encumbrancer or purchaser in good faith. (Cobbey on Chattel Mortgages, secs. 349, 357–359, 363; 5 Am. & Eng. Ency. 979; *Blanchard v. Cooke*, 144 Mass. 207, 11 N. E. 83; *Steel v. Ashenfelter*, 40 Neb. 770, 42 Am. St. 694, 59 N. W. 361; *Long v. Hines*, 40 Kan. 220, 10 Am. St. 192, 19 Pac. 796.)

Hamblen & Gilbert and Herman H. Taylor, for Respondent.

A judgment may be entered for a debt upon the foreclosure of a mortgage upon failure to establish the mortgage security. (*Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399.)

"When an answer is filed, the court may grant any relief consistent with the case made by the complaint and embraced within the issues made, whether such relief be prayed for or not." (*Burke Land & Livestock Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 60 Pac. 87; *Louisville Banking Co. v. Blake,* 70 Minn. 252, 73 N. W. 155; *Linn v. Collins,* 77 W. Va. 592, 87 S. E. 934; *Simons v. McDonnell,* 120 Mich. 621, 79 N. W. 916; *Continental Trust Co. v. Patterson,* 26 Colo. App. 186, 142 Pac. 422; *Rollins v. Forbes,* 10 Cal. 299; *Block v. Allen,* 99 Ga. 417, 27 S. E. 733.)

In establishing damages for failure to perform a contract of this kind, the correct measure of damages is the difference between the contract price agreed to be paid and the cost of completing the contract, either actual or estimated, according to whether the party seeking damages has performed the contract or not. (Sutherland on Damages, 3d ed., p. 699; 13 Cyc. 162; Sedgwick on Damages, 9th ed., sec. 643; *American Surety Co. v. Lyons,* 44 Tex. Civ. 150, 97 S. W. 1080; *Taylor v. North Pacific Coast R. Co.,* 56 Cal. 317; *Logansport etc. Ry. Co. v. Wray,* 52 Ind. 578; *King v. Nichols,* 53 Minn. 453, 55 N. W. 604; *McGrath v. Hogan,* 72 App. Div. 152, 76 N. Y. Supp. 412; *Newton v. Consolidated Const. Co.,* 184 Mich. 63, 150 N. W. 348; *Sandy Valley etc. Ry. Co. v. Hughes,* 172 Ky. 65, 188 S. W. 894.)

A mortgage given to secure an unliquidated indebtedness is good. (Pingrey on Mortgages, secs. 466, 486, 496; *Harlan County v. Whiting,* 65 Neb. 105, 101 Am. St. 610, 90 N. W. 993.)

A chattel mortgage may be executed so as to cover after-acquired property, which will be valid against third parties. (*Murray Co. v. Satterfield,* 125 Ark. 85, 187 S. W. 927; *Hill v. Morris,* 124 Ark. 132, 186 S. W. 609; *Morton v. Williamson Bros.,* 72 Ark. 390, 81 S. W. 235; *Hickson Lumber Co. v. Gay Lbr. Co.,* 150 N. C. 282, 63 S. E. 1045, 21 L. R. A., N. S., 843; *Collerd v. Tully,* 77 N. J. Eq. 439, 77 Atl. 1079; *Westinghouse Elect. Mfg. Co. v. Citizens' St. R. Co.,* 24 Ky. Law, 334, 68 S. W. 463; *Louden v. Vinton,* 108 Mich. 313, 66 N. W. 222; *Eddy v. McCall,* 71 Mich. 497, 39 N. W. 734;

*Stoll v. Sibson,* 65 N. J. Eq. 552, 56 Atl. 710; *Williams v. Noyes & Nutter Mfg. Co.,* 112 Me. 408, Ann. Cas. 1916D, 1224, 92 Atl. 482; *Electric Lighting Co. v. Rust,* 117 Ala. 680, 23 So. 751; *Fidelity Deposit Co. v. Sturtevant,* 86 Miss. 509, 109 Am. St. 716, 38 So. 783.)

In equity actions in this state neither party is entitled to a jury as a matter of right. (*Burke Land etc. Co. v. Wells, Fargo & Co.,* 7 Ida. 42, 60 Pac. 87; *Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Brady v. Yost,* 6 Ida. 273, 55 Pac. 542.)

MORGAN, J.—Respondent and appellant, Wm. B. Case, entered into two contracts, which, for the purpose of this opinion, will be treated as one, by the terms whereof Case agreed to cut and deliver timber to respondent, and was to be paid $5.25 per thousand feet, board measure, for a portion of it, being logs to be cut from certain described lands. Respondent was to advance money to Case, not exceeding $40,000, to be used in preparing for and paying expenses of logging, which was to be repaid by retaining one dollar earned by Case on each one thousand feet of such logs delivered. A real estate mortgage was given to respondent by Case and his wife, to secure the sums advanced and to be advanced up to $40,000, and to secure the faithful performance of the contract. A chattel mortgage was also given, upon certain property therein described and upon property thereafter to be acquired by Case and to be used in performing the work, to secure the payment of the indebtedness above mentioned.

It is alleged in the complaint that Case had failed and refused to complete the work and had abandoned it; that he was indebted to respondent for money advanced and that, in order to settle and adjust certain differences which had arisen between them, an arbitration was had which resulted in an award in favor of respondent for advances made, over and above all offsets and counterclaims, in the sum of $21,868.10, which, together with interest thereon at the rate of 8% per annum from June 8, 1914, was due to respondent

from Case; also that there remained to be logged, under the terms of the contract, not less than eight million feet of timber, together with much cedar products, and that respondent was damaged by reason of the failure of Case to perform the contract, according to its terms, in the sum of $12,000. Rose H. Case, wife of Wm. B. Case, was made a party defendant, as were appellants, Campbell, Arthurs and Whitcomb, who were alleged to have liens upon the mortgaged property subsequent to that of respondent. Judgment was demanded against Case in the sums of money above set forth, together with attorneys' fees and cost of suit, and foreclosure of the mortgages was prayed for.

Appellants answered separately denying that any part of the money alleged to be due was secured by either mortgage; alleging that the sums advanced to Case, under the contract, had been paid by him; that he had not breached the contract; attacking the legality of the award of the arbitrators, and alleging that respondent's cause of action was barred by the arbitration agreement. The appellants who held mortgages upon Case's property set forth the nature of their claims and prayed for foreclosure. Case filed a counterclaim asking damages by reason of respondent's breach of an alleged agreement modifying the original contract.

It appears that after respondent offered evidence of the arbitration and award the court ruled that it was not binding, and thereupon, by leave of court and pursuant to notice theretofore given of its intention so to do, respondent amended its complaint and alleged, in lieu of the allegation of an arbitration and award, that it advanced to Case, pursuant to the terms of the contract, over and above all credits due on account of logs delivered, the sum of $31,673.17. Appellants demurred to the amended complaint upon the ground, among others, that it was ambiguous and uncertain in that it did not show what amount of money was advanced to Case and what the credits for delivery of logs amounted to. It is insisted that this was essential because, by the terms of the mortgages, there was no security given for money advanced in excess of $40,000 and that there was

nothing in the complaint to indicate the advances up to that sum had not been paid.

Before the demurrers were argued a bill of particulars was served by respondent showing all the sums advanced by it and the credits due to Case for logs delivered. This rendered respondent's claim definite and cured the uncertainty of the amended complaint.

The court found that Case breached the contract and that there was due to respondent from him, as a balance upon the sums advanced, under its terms and as damages by reason of his breach thereof, $17,274.49, together with attorneys' fees and costs, which was secured by the mortgages, and $20,835.61, payment of which was unsecured. It also made findings as to the priority of the mortgages and the amounts due upon the claims of appellants other than Case and wife. Judgment was entered accordingly, from which this appeal has been taken.

Appellants contend that the court erred in rendering judgment against Case for money advanced which was not secured by the mortgages. While it was respondent's theory that its entire claim was secured, it alleged and established a greater sum due from Case than the trial court found was included in the mortgages, and the personal judgment is for the amount found to be due in excess of that secured.

Construing sec. 4353, Rev. Codes, this court said, in *Burke Land etc. Co. v. Wells, Fargo & Co.*, 7 Ida. 42, 60 Pac. 87: "Under the provisions of that section, when an answer is filed, as was done in the case at bar, the court may grant any relief consistent with the case made by the complaint, and embraced within the issues made, whether such relief be prayed for or not. The law of civil procedure in this state prohibits the splitting up of causes of action and a multiplicity of suits. A court of equity having obtained jurisdiction of a cause for any purpose, may retain it for all purposes, and proceed to a determination of all of the matters in issue. The plain intention of our law is that, when the parties are once in court, all conflicting claims shall be set-

tled between them arising out of the subject matter involved in the issues.''

It was conceded that there remained to be logged, according to the contract, eight million feet of timber, and the court found respondent was damaged in the sum of $8,000 by reason of the failure of Case to complete the contract. The measure of damage adopted by the court was the cost, above the unpaid contract price, of logging the timber still remaining. The evidence was sufficient to sustain the finding that it would cost $8,000 in excess of that price to complete the contract; the question is whether or not the court adopted the correct measure of damage.

It may be said to be a general rule, subject, however, to exceptions in certain cases, that where there is a breach, by the contractor, of a contract to perform work, the measure of damage is the difference between the unpaid contract price and what it will reasonably cost to complete the work. (13 Cyc. 162; *Lee v. Harris,* 85 Conn. 212, 82 Atl. 186; *American Surety Co. v. Lyons,* 44 Tex. Civ. 150, 97 S. W. 1080; *Taylor v. North Pacific C. R. Co.,* 56 Cal. 317; *Logansport etc. Ry. Co. v. Wray,* 52 Ind. 578; *King v. Nichols,* 53 Minn. 453, 55 N. W. 604; *Newton v. Consolidated Con. Co.,* 184 Mich. 63, 150 N. W. 348; *Sandy Valley etc. Ry. Co. v. Hughes,* 172 Ky. 65, 188 S. W. 894.)

While it was shown by the testimony of Case that from 1910 until 1913 the market value of tamarack and fir logs, which appear to be two of the varieties of timber embraced within the contract, delivered in the Clarksfork River at his landing, was about $5 per thousand feet, which is less than the amount of the contract price for delivering them, neither this fact nor anything else disclosed by the record will suffice to take the case out of the operation of the rule above stated.

Appellants next contend that the court erred in entering personal judgment against Case for the sums found to be due to respondent and secured by the mortgages; that this being a suit in equity, a personal judgment could not be obtained, as such a judgment can be had only at law. The case was commenced to foreclose the mortgages and equity,

having acquired jurisdiction for that purpose, will retain it and conclude all matters in controversy involved within the issues. (*Rees v. Gorham*, 30 Ida. 207, 164 Pac. 88. See, also, *Downing v. Le Du*, 82 Cal. 471, 23 Pac. 202; *Connecticut Mut. L. Ins. Co. v. Cross*, 18 Wis. 116; *Van Valkenburgh v. Oldham*, 12 Cal. App. 572, 108 Pac. 42; *Coghlan v. Quartararo*, 15 Cal. App. 662, 115 Pac. 664; *Gresens v. Martin*, 27 N. D. 231, 145 N. W. 823.) It has been held in this state that where a party sues to foreclose a mortgage, which is found to be invalid, if he establishes the debt, he may have judgment for the amount due. (*Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399.)

The next question presented is whether the court erred in denying a trial by jury of Case's counterclaim. It is said in 24 Cyc., pp. 126, 127: "The fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial. . . . . In the absence of a statute a defendant who pleads a counterclaim in an equitable action is not entitled to a jury trial of the issues arising thereon, notwithstanding the cross-demand constitutes an independent cause of action upon which a separate action might have been brought and a jury trial demanded."

In *Johnson Service Co. v. Kruse*, 121 Minn. 28, Ann. Cas. 1914C, 850, 140 N. W. 118, the law as above quoted was followed, and there is appended to that case an exhaustive note showing it to be supported by the great weight of authority. By an expression, which was *obiter dictum*, in *Robertson v. Moore*, 10 Ida. 115, 77 Pac. 218, and again in *Sandstrom v. Smith*, 12 Ida. 446, 86 Pac. 416, this court seems to have announced a contrary doctrine, and these cases, so far as they conflict with the rule above quoted, are hereby overruled.

Appellants attack the finding of the trial court that the arbitration and award was not binding on the parties. The court so held because the statute relative to arbitration was not complied with. Appellants, in their answers, contended that the award was invalid, and all of them, except Campbell, expressly insisted upon the right to litigate, at the trial,

all matters in dispute between respondent and Case arising out of the performance of the contract. If the action of the court was erroneous, which it does not appear to have been, the error was invited by appellants and the judgment will not be reversed therefor. (*Knollin v. Jones,* 7 Ida. 466, 63 Pac. 638; *Farmers' etc. Ditch Co. v. Nampa etc. Irr. Dist.,* 14 Ida. 450, 94 Pac. 761; *Gaskill v. Washington Water P. Co.,* 17 Ida. 128, 105 Pac. 51.)

In the chattel mortgage, which was duly filed for record, it is recited that the mortgagors transfer to the mortgagee, for the purpose therein mentioned, "all those certain goods and chattels of all kinds belonging to said Wm. B. Case, party of the first part, at this time or hereafter by him acquired, during the continuance of that certain contract, hereinbefore recited, and used or to be used in the carrying out of the said contract." Then follows a description of the land whereon the property was situated, and thereafter occurs a particular description of certain chattels which is followed by the general clause: "And all the camp outfit, horses and other personal property of the said Wm. B. Case, used or to be used, at present owned or hereafter to be acquired, in the operation of the said contract contemplated, or to be used therein; all of the rails, switches, turnouts, connections, branches, logging trucks and camp outfits at present owned or to be hereafter acquired by the said Wm. B. Case, used or to be used in said logging operations." There was some personal property used by Case upon the work which he acquired, by purchase, after the execution and filing of respondent's mortgage and which was thereafter mortgaged to appellants, other than Case and his wife, who had no actual knowledge of the existence of respondent's claim of lien. The court held that the mortgage of respondent attached to the after-acquired property and that its lien was prior to those of appellants. It is urged that this was error; that the description was insufficient, in the absence of a transfer of possession to respondent, to encumber such after-acquired property as against subsequent mortgagees.

Upon the question of the validity of a mortgage of after-acquired property the authorities are divided. (5 R. C. L. 403; *Steel v. Ashenfelter,* 40 Neb. 770, 42 Am. St. 694, 59 N. W. 361.)

It is said in 27 Cyc. 1040: "A mortgage may be made to cover future-acquired property of the mortgagor, when an intention to that effect clearly appears from the face of the instrument, and it will be enforced in equity against the mortgagor, and all others except purchasers for value without notice." (*Murray Co. v. Satterfield,* 125 Ark. 85, 187 S. W. 927; *Morton v. Williamson Bros.,* 72 Ark. 390, 81 S. W. 235; *Louden v. Vinton,* 108 Mich. 313, 66 N. W. 222; *Eddy v. McCall,* 71 Mich. 497, 39 N. W. 734; *Stoll v. Sibson,* 65 N. J. Eq. 552, 56 Atl. 710; *Lemon v. Wolff,* 121 Cal. 272, 53 Pac. 801.)

The intention of the parties that the after-acquired property involved in this action should be covered by the mortgage and held as security for the debt is manifest from the language of the instrument. The great weight of authority supports the rule above quoted from Cyc., to the effect that such a mortgage is valid and binding upon the parties thereto and all others having notice of it. Sec. 3408, Rev. Codes, states the circumstances under which such a mortgage will be held void, and points the way which must be followed in order that it be held valid, as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property. It provides: "A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless: First. It is accompanied by the affidavit of the mortgagor that it is made in good faith and without any design to hinder, delay or defraud creditors. Second. It is acknowledged or proven, as grants of real estate, and the mortgage, or a true copy thereof, is filed for record with the county recorder of the county where such property is located and kept."

It is not questioned that this section was complied with in all particulars. While the after-acquired property was not

described, with particularity, as to quantity, quality, character and kind, the general statements, above quoted, embrace all personal property owned by Case, and thereafter to be acquired by him, and used, or to be used, in carrying out the contract. The mortgage described the property to be acquired as well as it could be done, under the circumstances, by stating the place where it would be found and the use to which it would be put, and by particularly describing other like property to be found in the same place and used for the same purpose and, when it was filed for record, was notice to appellants, who afterward acquired mortgages upon the same chattels, and rendered their liens subsequent to that of respondent.

Appellants contend the court erred in holding the sum of $8,000, allowed respondent as damage for Case's breach of the contract, to be a lien upon the property described in the mortgages. Sec. 3388, Rev. Codes, defines a mortgage to be "a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession," and it is well established that a debt, to secure which a mortgage is given, may consist in the fulfilment of a duty, or obligation, resting on the mortgagor, if it is capable of being reduced to a money value. (11 C. J. 448.)

That the real estate mortgage was given to secure the faithful performance of the contract by Case is made clear by its terms. That the chattel mortgage was not given for that purpose is made equally clear by its terms, although the contract contains a provision from which it might be inferred the parties intended it also for that purpose. If it was intended that the chattel mortgage secure the faithful performance of the contract and that provision was omitted from it by mistake, no effort has been made to reform it. Therefore, the decree must be so modified as to exclude the $8,000, above mentioned, from the sum found to be secured by the chattel mortgage. In this connection we will say appellants' contention that the question of respondent's damage should have been submitted to a jury is without merit,

as, in order to foreclose the mortgage upon the real estate, it was necessary for the court to determine such damage.

The case is remanded, with instructions to the trial court to modify its findings of fact, conclusions of law and decree in accordance with this opinion, and, as so modified, the judgment and decree will stand affirmed. Costs upon appeal are awarded to appellants.

Budge, C. J., and Rice, J., concur.