CASE 91—ACTION TO RECOVER DAMAGES FOR BREACH OF CONTRACT—
FEB. 21.

# Graves County Water Co. v. Ligon, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

WATER COMPANY—FIRE PROTECTION—FAILURE TO SUPPLY WATER—
CONTRACT WITH CITY—RIGHT TO BENEFIT—PRESUMPTION AS TO
EXISTING LAW—STATUTE OF FRAUDS—OBLIGATIONS OF ORDINANCE
GRANTING FRANCHISE.

Held: 1. A city property owner may maintain an action against
a water company for the destruction of his property by fire
by reason of its failure to maintain a water supply pursuant to
its contract with the city.

2. It must be presumed that the parties to a contract contracted
with reference to the law as it had then been declared by the high-
est court of the State.

3 Where a city, by ordinance, granted to a water company the
franchise of suplying the city and its inhabitants with wa-
ter for a period of twenty-five years, the water company
holds the franchise so long as it enjoys it under the ordinance,
and subject to the terms on which it was granted; and the
company can not escape the burdens imposed, at least as to
past transactions, upon the ground that the contract is void
under the statute of frauds, because it signed no memorial of
the contract.

ROBERTSON & THOMAS, FOR APPELLANTS.

This action was brought by appellees, citizens of Mayfield, Ky., to recover of the appellant the sum of $43,460 alleged to

have been sustained by the destruction of appellee's property by fire on June 26, 1891, on the ground that appellant failed to furnish through the public hydrants, water with which to extinguish the fire, as it had agreed to do in the manner required by an ordinance granting to it the franchise passed by the city council, July 30, 1891.

The question was raised by general demurrer to the petition, and these questions are:

1. Can a citizen maintain an action upon the contract with the city as embodied in the ordinance?

2. Can appellant be charged upon this contract which was not to be performed within a year from the time of the making thereof, and which the petition shows was never signed or accepted in writing by it, or by any one authorized by it?

## AUTHORITIES CITED.

1. The plaintiff has no legal right to maintain this action upon the contract sued on.

(a). There is no privity shown between plaintiff and defendant. Atkinson v. Newcastle Water Works, L. R. 2, Ex. D., 441; Nickerson v. Bridgeport Hydraulic Co., 46 Conn., 24; Davis v. Clinton Water Co., 54 Iowa, 59; Ferris v. Carson Water Works, 16 Nev., 44; Becker v. Keokuk Water Works, 79 Iowa, 419; Fowler v. Athens Water Works Co., 83 Ga., 219; Foster v. Lookout Water Co., 3 Lea. (Tenn.), 42; Beck v. Water Co., (Pa.), 11 Atl. R., 300; Wainwright v. Water Co., 78, Hun., 146, (N. Y.); Water Works Co. v. Brownless, 10 Ohio Cir. Ct. R., 620; Phoenix Ins. Co. v. Water Co., 42 Mo. App., 118; Stone v. Water Co., 4 Pa. Dist. R., 431; Pottinger v. Owensboro Water Co., 6 Ky. Law Rep., 449-451; Note by Freeman, 18 Amer. St. R., 380; Britton v. Green Bay, &c. Water Co., 81 Wis., 48; Eaton v. Water Co., 37 Neb., 546; Howsmon v. Trenton Water Co., 119 Mo., 304; Fitch v. Seymour Water Co., 139 Ind., 214; House v. Houston Water Co., (Tex. Civ. App.) 22 S. W. R., 277; Same case (Tex. Supreme Ct.), 31 S. W. R., 179; Boston, &c., Trust Co. v. Salem Water Co., 94 Fed. R., 239; Mott v. Water Co., 48 Kan., 12; Bush v. Water Co. (Idaho), 43 Pac. Rep., 69; Shearman & Redfield on Negligence, 5th Ed., page 495; A. & E. Ency. of Law, vol. 29, pages 21, 22; Duncan v. Owensboro Water Co., 17 Ky. Law Rep., 755.

(b). As to who is the third party "for whose benefit a contract is made." (See authorities in subdivision "a" and the following): Smith v. Lewis, 3 B. M., 229; Allen v. Thomas, 3 Met., 198; 93 U. S. Rep., 143; 98 U. S. Rep. 123; Clark

on Contracts, pages 515 to 520, inclusive; 53 Minn., 446; Vrooma'n v. Turner, 69 N. Y., 280; Wright v. Terry, 23 Fla., 160; Railroad Co. v. Curtis, 80 N. Y., 219-222; 73 Colorado, 522; 56 New York S. Ct., 14; Notes to vol. 39 Amer. St. Rep., 531, by Freeman; Vanhorn v. Des Moines, 63 Ia., 448; 19 Ohio St., 19; 2 Dillon Muc. Cor., sec. 975; Freeman's Notes, 30 Amer. St. R., 270.

(c).   The contract imposes no statutory duty on defendant. Paducah Lumber Co. v. Water Co., 11 Ky. Law Rep., 738; Duncan v. Owensboro Water Co., 12 Ky. Law Rep., 35; Brown v. Frankfort, 10 Ky. Law Rep., 462; City v. Gas Co., 140 Ind., 107-113; 66 Indiana, 396; Wright v. Augusta, 78 Ga., 241; Sherman and Redfield on Negligence, sec. 116; Cooley on Torts, 104 and note 1; Thompson on Corporations, sec. 6428. (See also authorities in subdivision "a" above.)

(d).   The damages are too remote. Patch v. Covington, 17 B. M., 722; Foster v. Water Co., 3 Lea (Tenn.), 42; Duncan v. Owensboro Water Co., 17 Ky. Law Rep., 755.

2. The defendant can not be charged on the contract, because of the statute of frauds.   Holloway v. Hampton, 4 B. M., 415; 22 Ky. Law Rep., 301; 86 Ky. Reports, 144; Tiedeman on Municipal Corporations, sec 165; 141 Indiana, 596; 127 Indiana, 526; 128 Indiana, 240; 77 Indiana, 553.

*Addenda.* 9 Bush, 705; 91 Ky., 168; 87 Ky., 208; 18 S. W., 15; Sinkhorn v. Turnpike Co., 65 S. W., 356; Moss v. Rowlett, 65 S. W., 153.

*On Stare Decisis.* 23 A. & E. Ency. Law, 19-40; Aud. v. Magruder, 10 Cal., 291; Calender v. Ins. Co., 23 Pa. St., 471; Springer v. Shavender, 54 Am. St. Rep, 708; Rumsey v. N. Y. & R. R. Co., 133 N. Y., 79; Broones Legal Maxims, 153; Barbour's Ky. Digest, vol. 2, pages 1071-6, vol. 4, page 925-32.

W. M. SMITH, ATTORNEY FOR APPELLEES.

CROSSLAND & CROSSLAND AND W. J. WEBB, OF COUNSEL.

It will be seen by an examination of the record that the ordinance of the city of Mayfield, authorizing the constructing and operation of the water and light company was duly passed by the city council and accepted by said company, and thereunder it constructed said works and operated same, and collected the rental charges therefor up to the time of the fire.

By said ordinance the appellant company contracted and agreed with the city to furnish a sufficient supply of water both for public and private use, for said city and its inhabitants, and to furnish at all times a sufficient supply of water for said

hydrants to be used for the extinguishment of fires. There was no limitation whatever as to this part of the agreement, but the contract was absolute to furnish such supply at all times; also to furnish sufficient pumps, etc. to supply at all times said tower and mains with water and to keep them well supplied.

By the petition, which stands confessed it is shown that the terms of this contract on the part of appellant has in every instance been broken, and on the night of the fire, by such total disregard of its duty assumed by said contract, was absolutely without any water and by reason thereof appellee's property was destroyed, and so upon this record only two questions are presented.

1. Whether an inhabitant can maintain a suit upon such a contract made by the city for and on behalf of the city and its inhabitants?

2. Does the statute of Frauds apply to such case?

Our contention, in short is:

1. That it is not a general governmental duty of a town or city to furnish electric lights or water works.

2. That whether or not it is such duty, yet if it assumes to do so and does it negligently it is responsible to the party injured.

3. If, therefore, the city is liable, and employs an agency to do this work for it, such as in the case at bar, then the agency, especially under the ordinance in this case, takes it not only with the responsibilities of the city, but with the added responsibilities by reason of the specific and binding obligations of the contract entered into represented by said ordinance.

## AUTHORITIES CITED.

Paducah Lumber Co. v. Water Supply Co., 89 Ky., 340; Patch v. City Covington, 17 B. Mon., 722; Duncan v. Owensboro Water Co., 12 R., 35, 17 R. 755; Lampert v. Gas Light Co., 14 Mo. App., 376; Hayse v. Mich. & C. R. R. Co., 111 U. S., 228 and cases therein cited; Mason v. Shawneetown, 77 Ill., 553; Dant v. Head, 90 Ky., 257; Taylor v. Lake Shore R. R. Co., 4 Am. Rep., 457; N. O. & N. E. R. R. Co. v. Meridian Water Works Co., 72 Fed. Rep., 227; Davis Moody & Co. v. Wiley, 3 R., 317; Smith v. Lewis, 3 B. Mon., 229; Lucas v. Chamberlain, 8 B. Mon., 276; Allen v. Thomas, 3 Met., 198; Story on Bailments, sec 103; 1 Chitty on Pleading, page 4; Joyce on Electric Law, sec. 234; City Freeport v. Isabella, 83 Ill., 440; Thompson on Corp., vol. 5, secs. 6357, 6358; Robinson v. Chamberlain, 90 Am. Dec., 713 and cases therein cited.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On July 30, 1891, the city of Mayfield made an ordinance providing for a supply of water and for electric lights for the city, by which it granted to appellant the franchise of supplying the city and its inhabitants with water and electric lights for a period of twenty-five years, appellant to keep a sufficiency of engine and boiler power, so that, if one engine or pump should get out of fix, there would be others which might be used for pumping water; all mains to be of suitable size, and to furnish an abundant supply of water. A public test of the power and capacity of the waterworks was to be given when completed. At this test they were to throw from separate hydrants in the business part of the city not less than three simultaneous streams, with fifty feet of hose, to the height of eighty feet. The city agreed to rent sixty-four hydrants, and pay therefor $3,840 per annum, and for any additional hydrants $50 each per annum. These hydrants were to be used only for extinguishing fires, and it was stipulated that they should furnish effective streams without the aid of portable engines. Appellant undertook to keep all these hydrants supplied with water, and. to maintain them in effective working order, except during the time of repairing or removing any hydrant which had become ineffective by accident or other cause than willful negligence of appellant. Appellant was also to build a water tower not less than 12½ feet in diameter, and not less than 130 feet in height, which should be for a constant supply of water. Appellant accepted the grant, and built the plant, and put the works in operation. After this the means theretofore provided by the city and its inhabitants for fire protection were abandoned. On June 26, 1901, a fire began in a house in the city, which spread to and burned appellees' house from the want of water in the hydrants,

there not being sufficient pressure to throw a stream of any size more than from two to five feet. There was no water in the tower, and the firemen were unable to get water to check the fire. By reason of this the fire spread to appellees' property and destroyed it. They then sued the appellant, alleging these facts. It demurred to the petition. Its demurrer was overruled. It then filed an answer, which it subsequently withdrew, and, the case having been submitted to a jury, a verdict was rendered in favor of appellees for $12,000. The court entered judgment on the verdict, and appellant prosecutes this appeal without a bill of exceptions showing the evidence heard in the trial court. It insists that its demurrer to the petition should have been sustained on the ground that, as there was no privity of contract between it and the property owners, appellees have no right of action against it on the contract made by it with the city; and that, this contract being evidenced only by the ordinance of the city, and not signed by it, no action can be maintained against it under the statute of frauds.

In Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky., 340, (11 R., 738), (14 R., 141), 12 S. W., 554, 13 S. W., 249, 7 L. R. A., 77, 25 Am. St. Rep., 536, this court, after very mature consideration, held that the property owner might maintain an action against the water company for the destruction of his property by reason of its failure to maintain a water supply pursuant to its contract with the city. This decision is rested by the court on the ground that such a contract is made by the city as the corporate representative of its citizens, and for their benefit; and that they may, therefore, maintain an action under the rule allowing one to maintain an action on a contract made with a third person for his benefit. This decision was followed in Duncan v. Water Co., (12 R., 35), 12 S. W., 557), and in Duncan's

Ex'rs v. Water Co., (12 R., 824), 15 S. W., 523. The learned counsel for appellant earnestly insists that these cases should be overruled, as contrary to the weight of authority and unsound in principle. We are referred to a large number of cases in other States holding otherwise, but upon a careful reconsideration of the subject we adhere to the rule heretofore laid down. This rule has since been followed in a well-considered opinion in Gorrell v. Supply Co., 124 N. C., 328, (32 S. E., 720, 46 L. R. A., 513, 70 Am. St. Rep., 598). The court, after referring to the numerical weight of authority against the rule announced by this court, said that authorities are to be weighed, not counted, and that line should be adopted which is most consonant with justice and the reason of the thing. It then added: "Did the people of Greensboro have just cause to believe that by virtue of that contract they, as well as the corporation, were guaranteed a sufficient quantity of water to protect their property from fire, and did the water company understand it was agreeing for the valuable considerations named to furnish a sufficient quantity of water to protect private as well as public property from fire? The intent is to be drawn from the instrument itself, and on its face there can be no doubt it was contracted that the water supply should be sufficient to protect private as well as public property. If so, it follows that when, by a breach of that contract, private property is destroyed, the owner thereof, one of the beneficiaries contemplated by the contract, is the party in interest, and he and he alone can maintain an action for his loss." It is universally held that the city is not liable to the property owner for the loss of his property. It is equally clear that the city can not sue the water company and recover damages for the loss of private property. The result is that, if the owner can not himself sue for the

loss of his property, he is without redress although his property has been destroyed by the breach of a contract made for his benefit by the city. We are not prepared to so hold. The cases above referred to were decided by this court in the year 1889, or two years before the contract now before us was made. The rule thus three times announced by this court was recognized as the law of the State at the time the contract before us was made, and we must presume that the parties to the contract contracted with reference to the law as it had then been declared by this court. To give a different effect now to the words which they used from that which they at the time understood was the legal operation of the contract, would be to make for them a contract different from that which they themselves made; for when they used words which, under the law as it had then been declared, created a certain obligation, it must be presumed that they intended to create this obligation.

The other objection to the petition may be more briefly disposed of. The franchise was granted to appellant by ordinance, and it signed no memorial of the contract. Since the contract was to run for twenty-five years, it is insisted that, as the contract was not to be performed in one year, it is within the statute of frauds, and appellant is not liable in this action. Appellant was granted a valuable franchise by the city. The grant was regularly made. The franchise was accepted by appellant, and has been enjoyed by it over ten years. During this time it has received from the city annually the prescribed compensation for supplying the hydrants with water. After accepting the grant, and while in possession of the franchise and enjoying the compensation attached to it, appellant can not be heard to say that it is not liable in damages for its negligent failure to furnish a supply of water. The city carried out its part of

the contract by making the grant. Appellant, after accepting and enjoying the grant, and while in possession and still holding on to it, can not escape the burdens it imposed, at least as to past transactions. Roberts v. Tennell, 3 T. B. Mon., 247; Dant v. Head, 90 Ky., 255 (12 R., 153), (13 S. W., 1073, 29 Am. St. Rep., 369). It constructed its works, laid its mains in the streets, and exercised its powers under the ordinance. Whatever its rights as to the future may be, it holds the franchise, so long as it enjoys it, under the ordinance, and subject to the terms on which it was granted.

Judgment affirmed. Whole court sitting.