## Sandy Valley & Elkhorn Railway Company v. Bentley, et al.

### (Decided May 22, 1917.)

### Appeal from Pike Circuit Court.

1. Exceptions, Bill of—Signing—Authority of Judge.—Where the term of office of the regular judge who presided at the trial has expired, neither he nor his successor in office has authority to approve the bill of exceptions, except by consent.

2. Exceptions, Bill of—Signing—Authority of Judge—Consent.— Where a bill of exceptions is presented to plaintiffs' counsel for examination and he does not object to its being signed by both the regular judge, who presided at the trial and his successor in office, or to an order by which the original bill and a carbon copy thereof, so approved, are filed and made a part of the

record without being spread on the order book, but consents that the original of said bill may be sent with the record on appeal without being copied by the clerk, he thereby consents to the manner of approving the bill, and a motion to strike the bill will be denied.

3.   Parties—Real Parties in Interest.—Under Civil Code of Practice, section 18, requiring, with certain immaterial exceptions, every action to be prosecuted in the name of the real party in interest, the bailee of a horse destroyed by fire, who merely says that the bailor was looking to him for the price of the horse, has no such interest in the horse as will authorize a suit for damages in his name alone.

4.   Trial—Instructions—Prejudicial Error.—In an action by plaintiff against a railroad company to recover damages for the destruction of his barn and contents by fire, an instruction authorizing the jury to find as damages the value of the barn and the market value of the personal property, including the value of a horse in which plaintiff had no interest, but of which he was a mere bailee, is prejudicial error, where the jury does not separate its findings, but returns a verdict for a lump sum and the court is unable to say that damages for the horse were not included in the amount of the verdict.

AUXIER, HARMAN & FRANCIS and HAGER & STEWART for appellant.

ROSCOE VANOVER, W. K. STEELE and J. S. CLINE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is a suit by J. D. Bentley and wife against the Sandy Valley & Elkhorn Railway Company to recover damages in the sum of $1,450.00 for the destruction of their barn and contents by fire. From a verdict and judgment in their favor for $900.00 the railroad company appeals.

The first question presented is, whether appellees' motion to strike the bill of exceptions should be sustained. The case was tried at the November, 1915, special term of the Pike circuit court. Hon. J. M. Roberson, the regular judge of the Thirty-fifth Judicial District, which includes the county of Pike, presided at the trial, and, after overruling the motion for a new trial, gave appellant until the fifteenth day of the next regular February term of the court in which to prepare, present and file its bill of exceptions. Judge Roberson's term of office expired on the first Monday in January, 1916, at which time he was

succeeded by Hon. J. F. Butler, who presided at the next regular February term of the court. On the fifteenth day of that term the time for filing the bill of exceptions was extended, without objection, to the twenty-fifth day of the term. The bill was tendered on that day and passed to counsel for plaintiffs for examination. On the twenty-ninth day of the term the following order was entered:

"This day came the defendant, Sandy Valley & Elkhorn Railway Company, by counsel, and filed its bill of exceptions herein, and the same having been examined by counsel for plaintiff and examined and approved by Hon. James M. Roberson, the regular judge of this court, and who presided at the trial of this cause, and who overruled the motion and grounds for new trial, and by Hon. John F. Butler, the present regular judge of this court, and having been so endorsed by them as such, the same is ordered to be and is filed and made a part of the record herein without being spread on the order book and a carbon copy thereof likewise so examined and approved is also ordered to be and is filed and made a part of the record herein, same to remain in the clerk's office of this court. The original of said bill by consent to be sent with the record on appeal without being copied by the clerk."

We have recently decided that where the term of office of the regular judge who presided at the trial has expired, neither he nor his successor in office has the power to sign and approve the bill, except by consent. Sandy Valley & E. Ry. Co. v. Moore, 175 Ky. 163, 193 S. W. 1020; John L. Combs v. W. A. Combs, 175 Ky. 523. It appears from the foregoing order that the bill of exceptions was not only examined by counsel for plaintiffs, but both the original and the carbon copy thereof were examined and approved by the regular judge who presided at the trial, and his successor in office, and then filed and made a part of the record. Not only so, but the original of such bill was, by consent, sent with the record on appeal without being copied by the clerk. Counsel for appellees insist that they did not consent that the two judges might sign the bill of exceptions, but merely that the original bill might be sent with the record for the purpose of saving costs. We are not, however, disposed to take such a narrow view of the order in question. Counsel not only did not object to the method of approving the bill, but actually consented that the original bill, so signed and ap-

proved, should be sent with the record on the appeal without being copied by the clerk   This was equivalent to consenting that the two judges might sign and approve the bill.  In a case like this an attorney will not be permitted to act in such a manner as to lead the opposing counsel to believe that he is consenting to what is being done, and afterwards withdraw his consent, and thus leave the party so misled without remedy.  Sandy Valley & E. Ry. Co. v. Hughes et ux., 172 Ky. 65, 188 S. W. 894; Vertrees v. Head & Matthews, 138 Ky. 83, 127 S. W. 523; Hill's Adm'r v. Penn. Mutual Life Ins. Co., 120 Ky. 190, 85 S. W. 759.

There was lost in the fire which destroyed the barn a horse belonging to Alex Bryant, of which plaintiff, J. D. Bentley, was the bailee.  The jury was authorized by the instructions to find as damages not only the fair and reasonable value of the barn, but the fair and reasonable market value of the contents of the barn, "including the fair value of the horse mentioned in the evidence."  Bryant, the owner of the horse, was not a party to the suit. With certain exceptions not material to this case, the code provides that every action must be prosecuted in the name of the real party in interest.  Civil Code, section 18. Bentley does not claim that he paid Bryant for the horse, but merely says that Bryant was looking to him for the money.  If the fire did not occur through any fault of his, Bryant would not even have a cause of action against him. The mere fact that he was the bailee of the horse and Bryant was looking to him for the money did not give him such an interest as to authorize a suit in his name alone. Since the jury was authorized to include the value of the horse in its findings of damages, and since it did not separate its findings, but fixed the entire damage at $900.00, we cannot say that no damages were allowed for the destruction of the horse.  That being true, we conclude that the instruction authorizing a recovery for the horse was prejudicial error.

In view of our recent discussion of the law applicable to cases like this, and of what facts it is necessary to show in order to establish negligence on the part of the railroad company, we deem it unnecessary to elaborate on these questions or to set out in detail the evidence in this case. It is sufficient to say that a careful consideration of all the evidence convinces us that it was sufficient to take the case to the jury.  In view of another trial, however, we deem it proper to say that, although such improper evi-

dence is not alwalys regarded as prejudicial, the trial court should confine the evidence of emission of large sparks by the company's engines and the occurrence of other fires' along its right-of-way to such emissions and fires as took place within a reasonable time before and after the fire in question. C. & O. Ry. Co. v. Meek, 169 Ky. 775, 185 S. W. 160; L. & N. R. Co. v. Brewer, 170 Ky 505, 186 S. W. 166; I. C. R. Co. v. Stivers, 172 Ky. 322, 189 S. W. 211.

Judgment reversed and cause remanded for a new trial consistent with this opinion.