## Hartford Fire Insurance Company v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided December 3, 1918.)

## Appeal from Boone Circuit Court.

1. Railroads—Spark Arresters—Liability of Company.—Although sparks from an engine may have set fire to a building, the company will not be liable unless it appears that it failed to have its engines equipped with the best and most approved spark arresters in practical use, or that its engines were negligently operated.

2. Railroads—Spark Arresters—Statute.—Under section 782 of the Kentucky Statutes providing that railroad companies shall have their engines equipped with spark arresters, the company will not be liable for fires, if it appears that the statute was complied with.

3. Railroads—Spark Arresters—Instructions.—An instruction that told the jury that if they believed the fire was caused by sparks from an engine they should find for the property owner, was correctly refused as it made the company liable, although its engines were equipped with sufficient spark arresters and carefully operated.

W. W. DICKERSON and CHARLES STROTHER for appellant.

JOHN M. LASSING, N. E. RIDDELL and GALVIN & GALVIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

T. J. Crowe owned a dwelling house, near the line of railway operated by the appellee company, that was destroyed by fire. Crowe had insurance on the house in the appellant insurance company, and after it had paid to him the amount stipulated in the policy it secured an assignment thereof and thereupon brought this suit against the railway company to recover the amount it had paid

Crowe upon the ground that the destruction of the property was caused by negligence of the company.

After an answer denying the negligence of the railway company had been filed there was a trial before a jury and a verdict in its favor, and the purpose of this appeal by the insurance company is to reverse the judgment entered on this verdict.

As to the facts little need be said. The weight of the evidence tends to show that the fire that destroyed the house was caused by sparks emitted from engines of the railway company. There was also evidence that the engines of the company, that it appears emitted the sparks that set the house on fire, were equipped with legally sufficient spark arresters and were being operated carefully and without negligence. In this condition of the evidence it is fair to assume that the jury, if properly instructed, were influenced to find for the railway company upon the ground that it was not guilty of any negligence in the operation of its engines, or in failing to have them equipped with the required spark arresters.

Being of the opinion that there was sufficient evidence to warrant the finding of the jury for the railway company upon the grounds stated, it seems needless to go into a discussion of the evidence, because it is our invariable rule not to disturb the verdict of a properly instructed jury on a question of fact unless the verdict is flagrantly against the evidence or entirely unsupported by it, neither of which grounds for reversal appear in the record before us.

Having disposed of this feature of the case, we will now turn to the instructions to see if the court committed substantial error in giving or refusing instructions. Counsel for the insurance company offered the following instruction, which was refused:

"The court instructs the jury, that if they believe from all the evidence and circumstances in proof before them, that the residence of T. J. Crowe, described in the petition and in the evidence, was ignited by sparks emitted from the locomotive of the defendant and caused to burn and be totally destroyed by the fire so set, they will find for the plaintiff and unless they do so believe they will find for the defendant."

The court then gave these instructions, which were properly excepted and objected to:

"1. The jury is instructed that by law it is the duty of the defendant to furnish the locomotive engines with the best and most improved screen and spark arresters in practical use, and keep the same in proper order; and if you believe from the evidence that the defendant failed to so furnish or keep such screen or spark arresters on its said locomotives, and because of such failures, the house of T. J. Crowe described in the petition, situted in Walton, Kentucky, was ignited by or through a spark or sparks escaping from one of the defendant's locomotives, and said house was thereby destroyed, you should find for the plaintiff.

"2. If the jury believe from the evidence that the defendant's engines were properly equipped with such screens or spark arresters, yet, if you believe from the evidence that defendant's agent, servants or employees were otherwise negligent in the management or operation of its engines and trains, and because thereof said house was ignited and destroyed, you should find for plaintiff.

"3. Unless the jury believes as set out in instructions No. 1 or No. 2, you should find for defendant."

The only statute law relating to the subject matter of this case is found in section 782 of the Kentucky Statutes, providing that: "All companies shall place in, on or around the tops of the chimneys or engines, a screen, fender, damper or other appliance, that will prevent, as far as possible, sparks of fire from escaping from such chimneys." Considering the liability of railroad companies for fires started by sparks from the engines, this court in a great number of consistent opinions has ruled that if the companies had their engines supplied with the character of spark arresters described in the instructions this would excuse them from liability, although it might appear that the fire complained of was started by a spark thrown from an engine, provided the engine was not operated negligently.

Upon this point it was said by the court in Kentucky Central Railroad Co. v. Barrow, 89 Ky. 638, in answer to the same argument that is here presented in support of the refused instruction, that: "In some of the states railroad companies are, by statute, made absolutely liable for injuries caused by fire proceeding from their engines, irrespective of any question of negligence; but as such companies are, in this state, authorized by law

to operate their railroads by steam, which necessitates the use of fire, they should not, on principle, in the absence of a statute requiring it, be held liable for injuries unavoidably produced by fire kept and used to generate steam; and that view is in harmony with the act just quoted; for persons and companies operating railroads are not required by that act to provide appliances that will effectually and certainly, under every condition, prevent the escape of sparks of fire from the chimneys of their locomotives and cars, but only to provide and use the best and most effectual preventive known to science, so as to prevent, as far as possible, injury being done in the mode described in the statute to property near railroads. Therefore, while the act does not, nor was intended by the legislature to, preclude a person injured by the negligent or careless operation of a railroad in other respects from maintaining an action for damages, it was obviously not the purpose of the act that those owning and operating railroads should be liable, either to indictment or action for damages, for injury done by the escape of sparks of fire from locomotive chimneys, except when they failed to apply and use the appliances for preventing it required by the act.'' The rule announced in this opinion, which was handed down in 1890, has never been departed from, but on the contrary has been followed in a great number of cases, and we are not disposed to depart from it now. Having this view of the matter, the court properly refused to give the offered instruction and committed no error in those that were given. Louisville & Nashville Railroad Co. v. Guttman, 148 Ky. 235; Cin., N. O. & T. P. Ry. Co. v. Sadieville Milling Co., 137 Ky. 568.

It is further complained that the trial judge committed error in permitting evidence to go to the jury that Crowe had paid the insurance company the required premium when it issued the policy in force at the time the house burned It may be conceded that this evidence was irrelevant as well as incompetent, because what Crowe paid the insurance company for the policy threw no light whatever on the issues involved in the case and had no pertinent connection with them; but we are equally well satisfied that the admission of this evidence was not such an error as would authorize a reversal of the judgment. The jury, under the instructions, which were simple and short, and the evidence,

which was directed to the issues as stated in the instructions, could not fail to appreciate and understand the points in dispute in the case that they were called on to determine, and could not have been either misled or influenced one way or the other in arriving at their verdict by the mere statement of Crowe that he had paid the insurance company the premium demanded.

Another assignment of error is the refusal of the court to let Crowe testify that he had brought a suit against the railway company to recover the excess of the value of the property destroyed by fire over and above the amount of insurance and that in settlement of this suit the railroad company had paid him eight hundred dollars. That this evidence was clearly incompetent, looking at it from any standpoint, there is no room for difference of opinion. Indeed it appears that counsel for appellant justifies his insistence that the rejection of this evidence was error only upon the ground that as the court committed error in permitting Crowe to tell how much he had paid the insurance company as a premium, the evidence as to what the railroad company paid him should have been allowed to go in to offset the error in the admission of the other evidence.

Upon the whole case we do not find that any error was committed during the trial prejudicial to the substantial rights of the insurance company, and the judgment is affirmed.