# William Burford & Company, et al. v. Glasgow  Water Company.

(Decided February 10, 1928.)

## Appeal from Barren Circuit Court.

1. Waters and Water Courses.—Franchise contract of water company with municipality, requiring water company to furnish specified pumps and standpipes and to maintain certain pressure in pipes, is not for benefit of companies insuring property against fire, and breach of contract does not render water company liable to insurance companies for fire losses resulting from breach which insurance companies are compelled to pay.

2. Insurance.—Fire insurance contracts held not in themselves to entitle insurance companies to subrogation to cause of action of insured property owner against water company for breach of franchise contract to furnish water, where water company was not party to insurance contracts.

3. Subrogation.—Subrogation is equitable doctrine devised for purpose of doing justice, and should never be applied where it will work a manifest injustice or where results will be inimical to sound public policy.

4. Insurance.—Fire insurance company, paying loss to property owner, is not entitled to subrogation to his cause of action against water company, based on water company's breach of its franchise contract with municipality requiring it to furnish specified pumps and standpipes and to maintain specified pressure in pipes, since debt paid by insurance company is its own debt, not water company's debt, and subrogation would run counter to public policy.

JOHN E. RICHARDSON, HICKS & FOLONIE and MYERS & SNERLY for appellants.

W. L. PORTER, WHITE & SMITH and RODES & HARLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On June 7, 1925, large quantities of tobacco and other property, situated in the city of Glasgow and belonging to William L. Burford & Co., were destroyed by fire. The property was insured by the Alliance Insurance Company of Philadelphia, the Commonwealth Insurance Company of New York, and the National Fire Insurance Company of Hartford. The loss was $42,597.65, and each of the companies paid to the insured the sum of $14,199.22. Each of the insurance contracts stipulated that it was agreed between the insured and insurer that, if the fire

was caused by the act or neglect of any person or corporation, private or municipal, the insurer, on payment of the loss, should be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom. At the time of the fire, the Glasgow Water Company, a corporation, was operating a water system in the city under and by virtue of a franchise contract containing numerous provisions as to the character, kind, and capacity of the pumps, standpipes, etc., and the amount of pressure to be maintained. Charging that the water company failed to comply with certain of these provisions, and that by reason of such failure the loss resulted, the insured, William Burford & Co., suing for the insurance companies, and the insurance companies themselves, brought this action against the water company to recover the amount of the loss on the theory that upon payment thereof they were subrogated to the rights of the insured against the water company. A demurrer having been sustained to the petition as amended, plaintiffs declined to plead further, and the petition was dismissed. They appeal.

The argument on behalf of appellant is as follows: A contract between a municipality and the water company is for the benefit of the citizens and property owners, and for a fire loss caused by a breach of the contract by the water company the property owner may recover damages. Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. 340, 12 S. W. 554, 13 S. W. 249, 7 L. R. A. 77, 25 Am. St. Rep. 536, 11 Ky. Law Rep. 738; Graves County Water & Light Co. v. Ligon, 112 Ky. 775, 66 S. W. 725, 23 Ky. Law Rep. 2149; Tobin v. Frankfort Water Co., 158 Ky. 352, 164 S. W. 956. It has been held in numerous cases that, where the insurance company pays to the property owner a loss occasioned by the act of another, it will be subrogated to such owner's right of action against such person, and that logic and consistency require that the doctrine of subrogation be applied to the situation here presented. It must not be overlooked that the instances in which the doctrine of subrogation has been applied in favor of an insurance company are cases where the fire itself was caused by the willful or negligent act of another. Hartford Fire Insurance Co. v. C., N. O. & T. P. R. Co., 182 Ky. 295, 206 S. W. 628; Sandy Valley & Elkhorn Ry. Co. v. Bentley, 175 Ky. 736, 194 S. W. 906; Monson v. Payne, 199 Ky. 105, 250 S. W. 799; I. C. R. R.

Co. v. Hicklin, 131 Ky. 624, 115 S. W. 752. Here the fire was not caused by a tort on the part of the water company. The most that can be said is that the loss might have been averted if the water company had complied with its contract. Therefore the case is one where it is sought to make the water company liable, not merely to a citizen and property owner who was not a party to the contract, but to a third person with whom such citizen and property owner had contracted for insurance against fire. In the case of Spurrier v. Burnett, 207 Ky. 736, 270 S. W. 25, G. C. Burnett and others entered into a subscription contract by which they obligated themselves to pay certain sums to the Farmers' Deposit Bank of Brandenburg "to help construct a federal highway in Meade county," and bound themselves to donate any lands or grounds necessary for the right of way. The state highway commission contracted with J. W. Spurrier, James Ellis, and Drury Smeathers, to build the highway. The contractors brought suit against Burnett and others to recover damages, which, it is claimed, they sustained by reason of the delay occasioned by the wrongful acts of the defendants. In holding that the petition did not state a cause of action, we said:

"Those intended to be benefited were Meade county and the state highway commission. Even they were not parties to the contract, and could not bring an action thereon except on the theory that the contract was made for their benefit. To go further and say that a contract intended for the benefit of third persons was also for the benefit of all other persons with whom such third persons might contract would remove all limitations on the rule and result in unlimited liability on the part of a contracting party."

Not only so, but there are other reasons why the water company should not be held liable. Even if it be conceded, without deciding, that the case is one where "the fire was caused by the act or neglect of any person or corporation, private or municipal," it must not be overlooked that the water company is not a party to the insurance contracts providing for subrogation. Therefore the contracts themselves are not sufficient to uphold the right of subrogation unless the facts and circumstances are such as to call for the application of that doc-

trine. This is not a case where the insurance companies have paid the debt of another. If the water company had willfully or negligently set fire to the property, it would have been guilty of a tort, and it then could be said that in paying the loss the insurance companies were discharging an obligation, which, in equity and good conscience, should have been discharged by the water company. But the water company was not guilty of a tort. Its liability is predicated solely on the breach of its contract to furnish sufficient facilities to extinguish the fire. On the other hand, the insurance companies are liable because they have been paid by the proper owners to indemnify them against loss by fire. In paying this loss, they merely discharged their own debt and not a debt for which the water company was primarily liable.

Aside from this, there are other considerations that militate against the application of the doctrine. Subrogation is of equitable origin, and was devised for the purpose of doing justice between the parties concerned. It should never be applied where it will work a manifest injustice, or the results will be inimical to a sound public policy. Gibson v. Western & Southern Life Insurance Co., 161 Ky. 810, 171 S. W. 390, L. R. A. 1915D, 697. We have ruled that a property owner who has two contracts protecting him against fire, one with a water company for fire protection made by the city, and another with an insurance company, is entitled to be made whole in case of a loss, and, when he has collected a part of his loss from the insurance company, he can only collect the remainder on the contract with the water company. Georgetown Water, Gas, Electric & Power Co. v. Neale, 137 Ky. 197, 125 S. W. 293.

In view of this rule, and of the further fact that property owners generally carry fire insurance, there is but little incentive for them to attempt to hold the local water company liable for its failure to comply with its contract, and the rule, so far as the property owners are concerned, has never worked oppressively on the water company. But, if it once be held that insurance companies are subrogated to the property owner's right of action against the water company, there will be every inducement for the insurance companies to sue the water company in the hope that they may obtain a recovery. The water company is entitled to live and to make a fair return on the investment. To meet the increased liabil-

ity, higher water rates will be necessary. The added burden will fall on the consumers. The result will be that the citizens and property owners will not only pay for fire protection premiums sufficient to cover the risk assumed, but will also pay higher water rates for the purpose of relieving the insurance companies of the liability which they have been paid to assume. In our opinion this will operate oppressively on the people, and will run counter to a sound public policy. We therefore conclude that, in the circumstances presented, the doctrine of subrogation should not be applied in favor of the insurance companies. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.

Whole court sitting.