LYDIA CARPENTER *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   May 19, 26, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Railroad*, Liability for fire.   *Evidence*, Relevancy, Remoteness.

At the trial of an action of tort against a railroad corporation under G. L. (Ter. Ed.) c. 160, § 234, for damage to the plaintiff's property by fire, testimony, offered to prove that, at times in the past not stated in the offer, locomotives of the defendant had emitted sparks, properly was excluded.

A verdict for the defendant properly was ordered at the trial of an action of tort against a railroad corporation under G. L. (Ter. Ed.) c. 160, § 234, for damage to the plaintiff's property by fire, where the evidence showed only that shortly after a locomotive of the defendant had passed the plaintiff's premises a fire was discovered near the tracks, that an employee of the defendant "got notice of a railroad fire," that employees of the defendant aided in putting out the fire, and that the defendant had settled claims of third persons for damage resulting from the same fire.

TORT.   Writ in the Superior Court dated May 18, 1931.

The action was tried before *Donahue*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*B. J. Killion*, for the plaintiff.

*M. J. Cohen*, for the defendant.

CROSBY, J.   This is an action of tort brought by the plaintiff under G. L. c. 160, § 234, to recover for loss of

her buildings and personal property by fire, alleged to have been caused by sparks from the locomotive engines of the defendant, on April 13, 1931. The buildings consisted of a dwelling house, a small shed for storage purposes, and a shed or barn, all of which were situated on Dutton Road, in South Sudbury, at a point about one hundred seventy-five feet from the crossing or station known as "Wayside Inn Railroad Station," located on the south side of the railroad track. The dwelling house contained certain furniture, and the shed and barn contained certain personal property. After the jury were empanelled, a view was taken. At the close of the plaintiff's case, the defendant presented a motion for a directed verdict, which was allowed subject to the exceptions of the plaintiff.

During the course of the trial a witness called by the plaintiff was asked: "Whether or not prior to this fire you have seen sparks coming from the engines of this railroad?" This question was objected to by the defendant and was excluded. Counsel for the plaintiff then made an offer of proof that "the witness's answer to this question would be — and it seems to me in view of the language in some cases that I am entitled to show sparks at least from the engines in this vicinity at other times and other fires. I think I am fortified by some of the decisions. I think the *Englert* case speaks of that, against the New York, New Haven and Hartford Railroad Company. I think some of the other cases, a long line of cases." THE JUDGE: "There is no doubt that evidence of sparks is admissible if it is tied up with the time of this fire." COUNSEL FOR THE PLAINTIFF: "No, but prior to it, at other times." THE JUDGE: "It must be within a reasonable time, proximate time. That is, you cannot go back to other years, as I understand the law." COUNSEL FOR THE PLAINTIFF: "Your Honor excludes the offer?" THE JUDGE: "Yes." COUNSEL FOR THE PLAINTIFF: "And I save my rights."

As correctly stated by the judge, evidence was admissible to show that the defendant's locomotives had emitted sparks and that soon afterwards fire was discovered. *Englert* v. *New York, New Haven & Hartford Railroad*, 260 Mass.

535, 537. But, as the judge further ruled, such evidence of other fires or emission of sparks must not be too remote, but should be confined to a reasonable time before the fire for which damages were sought occurred. *Smith* v. *Central Vermont Railway*, 80 Vt. 208. *Sandy Valley & Elkhorn Railway* v. *Bentley*, 175 Ky. 736, 740. *Alabama & Vicksburg Railway* v. *Aetna Ins. Co.* 82 Miss. 770. *Farmers Elevator & Grain Co.* v. *Hines*, 294 Mo. 639, 649. See note, 21 Ann. Cas. 1212. The plaintiff did not comply with the ruling by offering evidence of the time when previous fires had occurred. In the absence of such an offer no error is shown. Evidence which did not relate to a definite time was inadmissible. *Southern Railway* v. *Stonewall Ins. Co.* 177 Ala. 327. *Nussbaum & Scharff* v. *Trinity & Brazos Valley Railway*, 108 Texas, 407.

An examination of the record fails to show any evidence from which it could be found that sparks from an engine of the defendant started a fire that eventually came upon the plaintiff's land and destroyed the buildings and the personal property situated thereon. There was evidence that a locomotive of the defendant passed the plaintiff's premises, and that shortly afterwards a fire was discovered near the track. This evidence has been held insufficient to charge a railroad with liability. It was said by Mr. Chief Justice Taft in *General Ins. Co. of America* v. *Northern Pacific Railway*, 280 U. S. 72, at page 77, that "The case comes exactly within the rule laid down by this Court in the *Nitro-Glycerine* case, 15 Wall. 524, 538, where Mr. Justice Field said: 'Outside of these cases, in which a positive obligation is cast upon the carrier to perform safely a special service, the presumption is that the party has exercised such care as men of ordinary prudence and caution would exercise under similar circumstances, and if he has not, the plaintiff must prove it. Here no such proof was made, and the case stands as one of unavoidable accident, for the consequences of which the defendants are not responsible. The consequences of all such accidents must be borne by the sufferer as his misfortune.'" See *Young* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 567, 571. The cir-

cumstance that employees of the defendant aided in putting out a fire raises no presumption that it was responsible for such fire.   *Clarke* v. *New York, New Haven & Hartford Railroad,* 26 R. I. 59.   The testimony of one Briggs, an employee of the defendant called by the plaintiff, that "sometime that day, he got notice of a railroad fire and in consequence of that notice, around one o'clock, he went to Peakham crossing," would not be evidence that the fire which damaged or destroyed the plaintiff's property was caused by sparks from a locomotive of the defendant.   Evidence of a settlement by the railroad company of claims of third persons for damage alleged to have resulted from the same fire showed merely a compromise of a claim, but it was of no probative force or effect on the issue of liability of the defendant to the plaintiff in the present case.   *Ross* v. *Fishstine,* 277 Mass. 87.   *Slingerland* v. *Norton,* 58 Hun. 578, 579.   *Mahan* v. *Schroeder,* 236 Ill. 392, 407.   *Hawthorne* v. *Eckerson Co.* 77 Fed. (2d) 844, 847.   Without further reciting the evidence in detail, it is plain that a verdict was rightly directed for the defendant.

*Exceptions overruled.*