PATRICIA ANN LYONS & another *vs.* LOUIS LEVINE. March 31, 1967. The minor plaintiff brings this action to recover for personal injuries incurred in an automobile collision. Her father seeks to recover for hospital and medical expenses. An auditor found for the defendant, as did the jury in the later jury trial. The only exception is to a statement of the trial judge concerning the plaintiffs' opening. He made the comment that it was improper for the plaintiffs' counsel to say that the defendant "was so concerned about this little girl that he . . . still went and checked on her to see what her condition was. We believe that . . . will show his admission of responsibility." The trial judge correctly ruled that the "fact that a party picked somebody up and took him to the hospital and was solicitous for the welfare of the party . . . cannot be construed as an admission of liability." That a person acts as a decent citizen with proper humane sensibilities cannot be distorted into an admission of liability. See *Carpenter* v. *Boston & Maine R.R.* 295 Mass. 103, 105–106; Wigmore, Evidence (3d ed.) § 283a. See also *Nager* v. *Reid,* 240 Mass. 211, 214; *Murray* v. *Foster,* 343 Mass. 655, 660. This is a frivolous exception. If the defendant's counsel had assisted us with even a short brief, double costs would have been awarded.

*Exceptions overruled.*

*Robert A. Shea* for the plaintiffs.
No argument or brief for the defendant.

MARY CALLEDARE *vs.* BERNICE G. SAWYER. March 31, 1967. The plaintiff, a paying guest, was hurt using a slide at a swimming pool owned by the defendant and maintained as a part of her lodge. In this action of tort alleging that her injuries were due to improper maintenance or to the unsafe condition of the pool, the judge directed a verdict for the defendant. There was no error. The plaintiff's own testimony was that she had never used a slide before, and that she slid down backwards in a sitting position and struck her head on the bottom of the pool. There was no evidence of the defendant's negligence.

*Exceptions overruled.*

*Joseph J. Padellaro* for the plaintiff.
*Steven J. Cohen* for the defendant.